UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAWN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00318-JPH-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Shawn Williams' petition for a writ of habeas corpus challenges his conviction in prison disciplinary case WVS 19-01-0020. For the reasons explained in this Entry, Mr. Williams' petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

Correctional Officer B. Greene wrote the following conduct report on January 24, 2019:

> On 1/24/2019, at approx. 10:05 PM I C/O B. Greene was assigned on the Quick Response Team (QRT Team Member 2. Upon entering the cell B-401, where Offender Williams, Shawn DOC# 178128 resides, I restrained the Offenders right arm to the ground while awaiting the application of mechanical restraints. While the arm was secured to the ground, the Offender brandished an object that was sharpened with a point. Offender Williams then proceeded to use the sharpen object to attempt to stab my right arm/wrist/hand. Offender Williams made contact with the sharpened object to my right forearm causing an open wound. Once Offender Williams was secured with mechanical restraints the sharpened object was secured by a member of the QRT team.

Dkt. 10-1. The conduct report identified Officers N. Dugger and C. Neal as witnesses. *Id.* Confiscation records show that the item secured by the QRT was a pencil. Dkts. 10-2, 10-3. Mr. Williams was charged with battering Officer Greene in violation of Code 102. Dkt. 10-4.

WVS 19-01-0020 proceeded to a disciplinary hearing on February 1, 2019. Dkt. 10-6. The hearing officer's report indicates that Mr. Williams made no statement in his defense and that the only evidence presented was the conduct report and pictures of the confiscated pencil. *Id.* The hearing officer found Mr. Williams guilty and assessed sanctions, including a demotion in credit-earning class. *Id.* Mr. Williams' administrative appeals were unsuccessful. Dkts. 10-7, 10-8.

## III. Analysis

Mr. Williams asserts several challenges to the evidentiary basis for his disciplinary conviction. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The

some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

An inmate violates Code 102 by "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner." Dkt. 10-9 at § 102.  Officer Greene's conduct report states that Mr. Williams stabbed him in the arm with a sharp object. Dkt. 10-1. This is "some evidence" supporting the hearing officer's conclusion that Mr. Williams was guilty. Even without any other evidence, the conduct report satisfies the evidentiary burden applicable in this disciplinary proceeding. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("For its decision, the CAB relied on Fields' disciplinary report. That report alone provides 'some evidence' for the CAB's decision.").

Mr. Williams argues that the body of evidence against him was lacking in numerous respects including:

- The conduct report identified Officers Dugger and Neal at witnesses, but they did not testify at the disciplinary hearing or submit written statements to corroborate Officer Greene's account. Dkt. 1 at 3.

- The photographic evidence shows that the item confiscated from Mr. Williams was a "rubber security pencil" that was "incapable of any serious harm." *Id.*

- The record does not include any pictures or medical reports to corroborate Officer Greene's allegation that he was wounded. *Id.*

- Officer Greene's assertion that Mr. Williams stabbed him is inconsistent with his statement that Mr. Williams' arm was secured against the ground. Dkt. 11 at 5.

While the hearing officer could possibly have found Mr. Williams not guilty, the Court cannot consider these evidentiary issues as a reason to grant Mr. Williams' habeas petition. Because *some* evidence supports the hearing officer's decision, the Court may not "reweigh the evidence" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Williams' petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Williams' petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED with prejudice.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 5/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAWN WILLIAMS
178128
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov